UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES L. POCOCK,

                Petitioner,

-vs-                                           Case No.  8:10-cv-1447-T-33TGW

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## ORDER

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by James L. Pocock, a Florida prisoner. Pocock challenges his convictions and sentences entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida. The petition is untimely and must be **denied.**

### PROCEDURAL HISTORY

On December 17, 1980, Pocock was charged by Information with three counts of Sexual Battery and one count of Kidnaping. (Exhibit 1). The case proceeded to jury trial, and Pocock was found guilty of the three sexual battery charges but was acquitted of the Kidnaping charge. On June 4, 1981, the state trial court sentenced Pocock to life in prison on each of the three sexual battery convictions, with the sentences running concurrently. (Exhibit 2).

Pocock filed a direct appeal. On February 24, 1982, in Case No. 81-1240, the Second District Court of Appeal per curiam affirmed Pocock's judgment and sentence. (Exhibit 3). *Pocock v. State*, 412 So. 2d 487 (Fla. 2d DCA 1982).

On February 19, 2008, through retained counsel Deana K. Marshall, Pocock filed

a Rule 3.800(a) Motion to Correct Illegal Sentence in the state trial court. (Exhibit 4). On September 18, 2008, the state trial court summarily denied the Rule 3.800(a) motion. (Exhibit 5). Pocock's counsel filed a motion for rehearing (Exhibit 6), which the state trial court denied on October 21, 2008. (Exhibit 7). Pocock appealed the adverse rulings. On or about December 5, 2008, Pocock's counsel filed an initial brief (Exhibit 8). On January 27, 2010, the state district court of appeal per curiam affirmed the state trial court's denial of the motion to correct sentence. (Exhibit 11). *Pocock v. State*, 30 So. 3d 503 (Fla. 2d DCA 2010)(table).

Pocock's appellate counsel then filed a motion for rehearing, rehearing en banc, and/or request for written opinion. (Exhibit 12). The state district court of appeal denied the motion on March 25, 2010. (Exhibit 13). The mandate issued April 14, 2010. (Exhibit 14).

## THE PRESENT PETITION

Pocock signed the § 2254 petition and placed in the prison mailing system on June 23, 2010. (Doc. 1). The petition is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

2244(d)(2).

Pocock's judgment became final on in 1982 when the state district court of appeal per curiam affirmed Pocock's judgment on direct appeal. When a petitioner's conviction becomes final prior to the AEDPA's effective date of April 24, 1996, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period in which to file his federal claims. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Accordingly, petitioners like Pocock, whose convictions became final prior to April 24, 1996, had until April 24, 1997, to file a timely petition for writ of habeas corpus.

Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Pocock filed his Rule 3.800(a) Motion to Correct an Illegal Sentence on February 19, 2008, almost eleven years beyond expiration of the limitations period on April 24, 1997.[1] Accordingly, the Rule 3.800(a) motion, even if deemed "properly filed" for tolling purposes, had no tolling effect, and this Court need not resolve whether such was properly filed within the meaning of the tolling statute. Because even properly filed state-court petitions must be "pending" in order to toll the limitations period, a state court petition like Pocock's Rule 3.800(a) motion following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled. In *Tinker v. Moore*,

---

[1] A review of the circuit court's Progress Docket shows Pocock did not file a tolling motion in the state trial court between April 24, 1997, the starting date of the federal limitations period, and the filing of the Rule 3.800(a) motion on February 19, 2008. (Exhibit 15 at p. 3).

255 F.3d 1331 (11th Cir. 2001), the Eleventh Circuit, quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), held a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker,* 255 F.3d at 1333.

In the timeliness section of the federal petition, Pocock alleges his claims show that a "'miscarriage of justice' has occurred" which "overcomes all procedural bars." § 2254 petition at p. 12. If Pocock's allegation is considered a request for equitable tolling, such request fails. Recently, the Supreme Court concluded that 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ----, 130 S.Ct. 2549 (2010). However, the Court reiterated a "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.*(citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). The *Holland* Court stated that the diligence required for equitable tolling purposes is "'reasonable diligence,'" *Id.* (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996), not "maximum feasible diligence," *Holland, supra* (citing *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)). Pocock is not entitled to equitable tolling in this case because he does not argue or show that he was pursuing his rights diligently or that some extraordinary circumstance stood in his way which prevented his timely filing a federal petition.

Finally, Pocock is not entitled to relief on the merits of the three grounds he raises in the present petition. Pocock raised three sentencing grounds, all of which are pure state law sentencing claims that are not cognizable in this petition. Pocock's arguments in his reply do not convince this Court otherwise.

Accordingly, the Court orders:

That Pocock's petition is denied. The Clerk is directed to enter judgment against Pocock and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is assessed the $455.00 appellate filing fee unless the Eleventh Circuit grants leave for Petitioner to proceed on appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 19, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
James L. Pocock